UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**HEARTLAND PRODUCE CO.**
5814 104th Avenue
Kenosha, Wisconsin 53144,

        Plaintiff,

  v.                               Case No.:

**BLESSED HOLY TRINITY INC.**
31766 Share 28 Rd.
Los Fresnos, Texas 78566,

        Defendant.

---

## COMPLAINT

NOW COMES Plaintiff, Heartland Produce Co. ("Heartland Produce") and as and for its Complaint against Defendant, Blessed Holy Trinity Inc. ("BHT"), alleges and shows unto the Court as follows:

### NATURE OF THE ACTION

1. This is an action by consignee, Heartland Produce, against motor carrier, BHT, under the Carmack Amendment, 49 U.S.C. § 14706 *et seq.*, for BHT's delivery of certain produce to Heartland Produce in frozen, damaged and unusable condition. As a result of BHT's delivery of the frozen produce, BHT is strictly liable to Heartland Produce under the Carmack Amendment in an amount not less than $11,168.88.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Heartland Produce is an Illinois corporation with its principal place of business located at 5814 104th Avenue, Kenosha, Wisconsin 53144.

3. Upon information and belief, Defendant BHT is a Texas corporation with its principal place of business located at 31766 Share 28 Rd., Los Fresnos, Texas 78566.

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a) because this action arises under the federal Carmack Amendment, 49 U.S.C. § 14706 *et seq.*, and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant BHT because the claims herein arise out of BHT's conduct in Wisconsin and are sufficiently related to BHT's contacts with Wisconsin.

6. Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in the Eastern District of Wisconsin because a substantial part of the events, actions or omissions giving rise to the claims herein occurred in this district.

## FACTUAL ALLEGATIONS

7. In February 2025, Heartland Produce purchased certain items of produce from vendor, Sweet Seasons, LLC ("Sweet Seasons") located in McAllen, Texas. Heartland Produce remitted payment to Sweet Seasons in the amount of $5,969.13 for the produce.

8. Further in February 2025, Heartland Produce purchased additional items of produce from vendor, Dovex Export Company ("Dovex") located in Wenatchee, Washington. Heartland Produce remitted payment to Dovex in the amount of $3,474.00 for the produce.

9. Also in February 2025, Heartland Produce purchased certain additional items of produce from vendor, Farmer's Best International, LLC ("Farmer's Best") located in Nogales, Arizona. Heartland Produce remitted payment to Farmer's Best in the amount of $3,046.75.

10. In total, Heartland Produce paid $12,489.88 for the aforementioned produce.

11. Heartland Produce's third-party logistics provider, Freight All Kinds, LLC ("FAK"), arranged for the transportation of the shipment of the aforementioned produce to be handled by BHT as the motor carrier.

12. BHT is named as the carrier on all three bills of lading pertaining to the shipment of the aforementioned produce. And Heartland Produce is listed on all three bills of lading as either the consignee or the final destination to which the produce is to be shipped.

13. BHT, as the motor carrier, was to pick up the produce from Sweet Seasons, Dovex, and Farmer's Best and transport the produce across state lines to Heartland Produce's facility in Kenosha, Wisconsin.

14. Heartland Produce incurred freight charges in connection with the shipment in the amount of $4,200.

15. BHT picked up the aforementioned produce in good condition for transport to Wisconsin.

16. Upon BHT's arrival at Heartland Produce's facility in Wisconsin, however, Heartland Produce observed the entirety of the aforementioned produce was frozen. As a result, the entirety of the produce was damaged during BHT's transport of the produce, requiring Heartland Produce to reject the shipment and incur a total loss in the amount of $16,689.88 (the value of the produce plus the freight charges).

17. In February 2026, FAK remitted payment to Heartland Produce in the amount of $5,521.00, which represented the amount FAK was able to obtain in salvage value on the shipment.

3
HB: 4914-8698-8948.2
Case 2:26-cv-00381-PP   Filed 03/10/26   Page 3 of 5   Document 1

# FIRST CAUSE OF ACTION

## (Carmack Amendment Liability, 49 U.S.C. § 14706 *et seq.*)

18. Heartland Produce incorporates by reference paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. 49 U.S.C. § 14706(a)(1) provides, in relevant part:

A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading.

20. BHT served as the motor carrier for the shipment of the aforementioned produce.

21. BHT received the aforementioned produce in good condition.

22. BHT delivered the aforementioned produce to Heartland Produce in damaged condition.

23. Heartland Produce suffered damages in an amount to be proven at trial, but in no event less than $11,168.88, exclusive of interest.

WHEREFORE, Heartland Produce prays for judgment against BHT as follows:

A. For an award of damages against BHT in the amount to be proven at trial, but in no event less than $11,168.88, together with pre-judgment and post-judgment interest thereon at the highest rate available under applicable law; and

B. For all such other and further relief as the Court deems just and appropriate.

Dated this 10th day of March, 2026.

/s/ *Anthony J. Anzelmo*
Anthony J. Anzelmo
Amy C. Ambro
**HUSCH BLACKWELL LLP**
511 N. Broadway, Suite 1100
Milwaukee, WI 53202
Tel.: 414.978.5421
Fax: 414.223.5000
Anthony.Anzelmo@huschblackwell.com
Amy.Ambro@huschblackwell.com

Julie E. Maurer (*pro hac vice* forthcoming)
Daniel P. Thiel (*pro hac vice* forthcoming)
**HUSCH BLACKWELL LLP**
2415 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4288
Telephone: 480.824.7890
Fax: 480.824.7905
Julie.Maurer@huschblackwell.com
Daniel.Thiel@huschblackwell.com

*Attorneys for Plaintiff Heartland Produce Co.*