HEARTLAND PRODUCE CO.,

       Plaintiff,

                              Case No. 26-cv-381-pp

   v.

BLESSED HOLY TRINITY, INC.,

       Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT (DKT. NO. 4)

On March 10, 2026, the plaintiff filed a complaint against the defendant, a logistics company that the plaintiff alleges damaged an order of produce. Dkt. No. 1. The plaintiff has moved for an extension of time to serve the defendant under Federal Rule of Civil Procedure 4(m), alleging that despite multiple efforts, it has been unable to do so. Dkt. No. 4 at 1–3.

The plaintiff explains that "it has made multiple attempts to serve [the defendant's] registered agent, Manuel Benavides," at two locations in Texas. Id. Shortly after filing the complaint, the plaintiff's process server attempted to serve Benavides at an address on Share 28 Road in Los Fresnos, Texas, the address listed for the defendant and Benavides on the Texas Secretary of State website. Id. at 1–2. The plaintiff states that a locked gate prevented the process server from accessing the premises. Id. at 2. The same was true for the process server's second attempt a week later. Id. at 2. The plaintiff states that "a

1

neighbor stated that the property owner had some of his workers living at the property and that the owner was 'never around.'" <u>Id.</u>

The plaintiff states that it found another address for Benavides on Las Villas Avenue in Brownsville, Texas. <u>Id.</u> The plaintiff says that in late April, its process server made three attempts to serve Benavides at this address. <u>Id.</u> The plaintiff states that the process server made no contact on the first two attempts and that on the second attempt a neighbor did not recognize Benavides' name. <u>Id.</u> The plaintiff states that on the third attempt, the process server handed the summons and complaint to a female at the residence. <u>Id.</u>; <u>see</u> Dkt. No. 3 (Affidavit of Service). The plaintiff's "counsel subsequently received correspondence dated May 3, 2026 from a 'G. Garcia,' which noted the documents were served on his sister in error and that he was '[n]ot the person or the company in this document.'" <u>Id.</u> at 2–3. The plaintiff states that since this third attempt at the Las Villas Avenue address, it has not been able to locate an alternative location where Benavides may be found. <u>Id.</u> at 3. The plaintiff also states that the defendant's U.S. Department of Transportation number is 3835867 and is listed as inactive on the Federal Motor Carrier Safety Administration website. <u>Id.</u> at 3.

The plaintiff seeks an extension of sixty days to serve the defendant under Rule 4(m) and states that "[i]n the event the Court grants this motion, [the plaintiff] intends to effectuate service upon [the defendant] via publication and mailing pursuant to Wis. Stat. § 801.11(5)(b)." <u>Id.</u> at 3.

2

Federal Rule of Civil Procedure 4(m) states that if a plaintiff who has failed to serve the defendant within ninety days "shows good cause for the failure, the court must extend the time for service for an appropriate period."

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporate defendant "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows the plaintiff to serve an individual using the methods allowed by state law in the state where the federal district is located. Fed. R. Civ. P. 4(e)(1).

Usually, Wisconsin requires plaintiffs to personally serve an officer, director or managing agent of a corporate defendant. Wis. Stat. §801.11(5)(a). But if personal service isn't possible through reasonable diligence, Wisconsin allows plaintiffs to serve a corporate defendant "by publication of the summons as a class 3 notice, under ch. 985, and by mailing [to an officer, director, or managing agent's last known address]." Wis. Stat. §801.11(1)(c), (5)(b).

Although the plaintiff styled its motion as a request for an "Extension of Time to Serve Summons and Complaint," by stating that it intends to effectuate service by publication and mailing under Wis. Stat. §801.11(5)(b), the plaintiff also is seeking alternative service. See Wis. Stat. §801.11(1)(c), (5)(b) ("If with reasonable diligence the defendant cannot be served" by personal service, "service may be made by publication . . . and by mailing."). The court will analyze both requests.

The plaintiff has shown good cause for its failure to serve the defendant within ninety days. The plaintiff has explained that its process server made five

3

attempts to serve the defendant's registered agent at two different locations, that it diligently searched public records to find those two potential addresses and that its process server ultimately was unsuccessful serving the agent at either address. See Dkt. No. 4 at 1–3. The court will grant the plaintiff's request for an extension and will give the plaintiff another sixty days to serve the defendant. For the same reasons, the court will allow the plaintiff to serve the defendant by mail and publication as described in Wisconsin Statute §801.11(1)(c) and (5)(b).

The court **GRANTS** the plaintiff's motion for extension of time to serve. Dkt. No. 4.

The court **ORDERS** that the time for the plaintiff to serve the defendant is **EXTENDED** until the end of the day on **August 21, 2026**.

The court **ORDERS** that the plaintiff may serve the defendant through mail and publication as described in Wisconsin Statute §801.11(1)(c) and (5)(b).

Dated in Milwaukee, Wisconsin this 22nd day of June, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4